**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LEROY T. MOORE,                          :
                                         :   Civil Action No. 13-943 (JLL)
                    Plaintiff,           :
                                         :
            v.                           :   **OPINION**
                                         :
CARTERET POLICE DEPARTMENT,              :
et al.,                                  :
                                         :
                    Defendants.          :

**APPEARANCES:**

LEROY T. MOORE, Plaintiff pro se
MC#67056
Middlesex County Adult Correction Center
P.O. Box 266
North Brunswick, New Jersey 08903

WILLIAM T. CONNELL, ESQ.
DWYER, CONNELL & LISBONA, ESQS.
100 Passaic Avenue, P.O. Box 629
Fairfield, New Jersey 07004
Counsel for Defendants, Borough of Carteret, Carteret
Police Department, Ptl. Marcus Rosario, Ptl. Kazio, Ptl.
Esposito, Sgt. Hart, and Sgt. Muzyka

MICHAEL JOHN STONE, ESQ.
THE STONE LAW GROUP
20 Glenview Drive
Warren, New Jersey 07059
Counsel for Defendant Patrolman Louis Reyes

ERIC L. HARRISON, ESQ.
METHFESSEL & WERBEL, PC
3 Ethel Road, Suite 300, P.O. Box 3012
Edison, New Jersey 08818-3012

Counsel for Defendants, County of Middlesex, Middlesex
County Prosecutor's Office, Christopher L.C. Kuberiet, and
Marcia Silva

GARY S. SPAGNOLA, ESQ.
GOLDEN, ROTHSCHILD, SPAGNOLA, LUNDELL, LEVITT & BOYLAN, PC
1011 Route 22 West, Suite 300, P.O. Box 6881
Bridgewater, New Jersey 08807-0881
Counsel for Defendant Detective Lieutenant Michal Damman

**LINARES**, District Judge

This matter comes before the Court by way of Defendants
Middlesex County and the Middlesex County Prosecutor's Office
("MCPO"), Assistant Prosecutor Christopher L.C. Kuberiet, and
Assistant Prosecutor Marcia Silva (hereinafter the "MCPO
Defendants")'s motion to dismiss the Complaint in this matter.
(Docket Item # 6.)  This motion is being considered on the
papers pursuant to Federal Rule of Civil Procedure 78.  For the
reasons set forth below, the MCPO and the MCPO Defendants'
motion is GRANTED.

## I.  BACKGROUND

Plaintiff filed his Complaint in the Superior Court of New
Jersey, Law Division, Middlesex County, under Docket No. MID-L-
39-13, on or about January 2, 2013, against the following
Defendants, the Borough of Carteret, Carteret Police Department,
Patrolman ("Ptl.") Marcus Rosario, Ptl. Michael Kazio, Ptl.
Phillip Esposito, Sergeant ("Sgt.") James Hart, and Sgt. Louis
Muzyka (hereinafter "Carteret Defendants"), and Middlesex

2

County, Middlesex County Prosecutor's Office ("MCPO"), Assistant Prosecutor Christopher L.C. Kuberiet, and Assistant Prosecutor Marcia Silva. On February 15, 2013, the Carteret Defendants removed the state action to this Court, upon the consent of all named Defendants, pursuant to 28 U.S.C. §§ 1441(b), 1446, asserting that this Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims, which are grounded on alleged violations of federal law under 42 U.S.C. § 1983. Plaintiff did not seek to remand the matter back to state court.[1]

In his original Complaint, Plaintiff alleges that, on May 21, 2009, Defendants Ptl. Louis Reyes, Ptl. Rosario, Ptl. Kazio, Ptl. Esposito, Sgt. Hart and Sgt. Muzyka of the Carteret Police Department, "falsely imprisoned Plaintiff alleging he (Plaintiff) possessed what was allegedly known to be cocaine

---

[1] This Court notes that Plaintiff has filed numerous actions in the District of New Jersey, against many of the same defendants as named in this action. These actions include: *Moore v. Middlesex County Prosecutor's Office, et al.*, Civil No. 11-6198 (JLL) (consolidated with associated case, Civil No. 11-281 (JLL)); *Moore v. Middlesex County Prosecutor's Office, et al.*, Civil No. 11-3879 (JLL) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)); *Moore v. Dow, et al.*, Civil No. 11-281 (JLL) (pending); *Franklin, et al. v. Borough of Carteret, et al.*, Civil No. 10-1467 (JLL) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)); *Moore v. Carteret Police Department, et al.*, Civil No. 04-3313 (SRC) (summary judgment granted defendants on May 3, 2007); *Moore v. Novak, et al.*, Civil No. 04-1250 (WHW) (stipulation of dismissal filed on June 25, 2008); and *Moore v. Comba, et al.*, Civil No. 03-2521 (WHW) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)).

[and a straw], [and] failed to prove Plaintiff committed any crime," in violation of his rights under the Eighth and Fourteenth Amendments. (Dkt. # 1-1, Complaint at ¶¶ 1, 3.) On July 23, 2009, Defendant Detective Lieutenant Michael Damman allegedly reported that he took all evidence seized from Plaintiff at his arrest to a lab company, but the lab report purportedly does not show evidence of a straw or twenty dollar bill taken from Plaintiff. Plaintiff thus alleges that Defendant Damman "tampered with physical evidence." (Id., Factual Background at ¶ 5.)

Plaintiff further alleges that in September 2009, Defendant Reyes testified at a grand jury hearing that Plaintiff possessed a controlled dangerous substance and drug paraphernalia. (Id., Factual Background at ¶ 2.) Also, according to Plaintiff, on September 17, 2009, Defendant Assistant Prosecutor Silva "failed to present exculpatorial [sic], discoverable evidence to the grand jury" that was in the possession of MCPO Defendants. (Id., Factual Background at ¶ 4.)

The Complaint also alleges that from February 2010 to December 17, 2012, the MCPO Defendants "maliciously prosecuted" Plaintiff until December 17, 2012, when the charges against Plaintiff terminated in his favor upon the written decision of the Honorable Michael A. Toto, J.S.C. dismissing the indictment.

(*Id.*, Factual Background at ¶ 3.) In particular, Plaintiff alleges that on December 20, 2012, Defendant Kuberiet convened a second grand jury and conspired with Reyes to testify in conformity with Judge Toto's December 17, 2012 opinion. According to Plaintiff, Kuberiet instructed Reyes to "tell members of said grand jury everything the Superior Court Judge (Toto) stated in his opinion dated December 17, 2012 [sic] stated wasn't done September 17, 2009." (*Id.*, Factual Background at ¶6.) (parentheses and emphasis in original).

Plaintiff further claims that the MCPO Defendants knew that the former indictment (# 09-09-1644) had been dismissed, but conspired to violate Plaintiff's constitutional rights by bringing a superseding indictment under the same statute, N.J.S.A. 2C:35-10(a)(1), as the one dismissed, to a second grand jury. Plaintiff asserts that the Defendants' re-filing of criminal charges against him violated his "constitutional rights under false imprisonment, and double jeopardy clause." (*Id.*, Factual Background at ¶¶ 6, 7.)

Plaintiff also alleges that Kuberiet "filed false reports in connection with his actions instituted on December 20, 2012." (*Id.*, Factual Background at ¶ 7.) (emphasis in original) Plaintiff further alleges that a Carteret police officer conspired with Kuberiet to violate Plaintiff's rights under

N.J.S.A. 10:6-1. (*Id.*, Factual Background at ¶ 6.) Plaintiff finally alleges that all Defendants violated his constitutional rights before dismissal of the indictment on December 17, 2012. (*Id.*, Factual Background, last unnumbered paragraph.)

The Complaint asserts claims of false imprisonment and excessive bail against all named Defendants. In addition, the Complaint asserts claims of malicious prosecution and violation of the double jeopardy clause against the MCPO Defendants, more particularly, Defendant Kuberiet. Plaintiff generally cites a violation of his Eighth and Fourteenth Amendment rights. He seeks punitive and compensatory damages.

On March 11, 2013, the MCPO Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 6.) Plaintiff filed a response to the motion on or about March 18, 2013. (Dkt. # 9.) On May 31, 2013, counsel for the MCPO Defendants wrote to the Court to inform that on May 24, 2013, Plaintiff had plead guilty to criminal charges that are the subject of this litigation. (Dkt. # 12.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff's short and plain statement of the claim must "give

the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, to survive summary dismissal under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570)). More concisely, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (citation omitted).

When deciding a motion under Rule 12(b)(6), a district court should conduct a three-part analysis as set forth in *Iqbal* and *Twombly*. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557)). Second, the court must accept as true all well-

pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

While factual allegations must be more than speculative, "the [plausibility] standard is not akin to a 'probability requirement.'" *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). In addition, although "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established," *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Generally, in a motion filed pursuant to Rule 12(b)(6), the court may not consider matters extraneous to the pleadings without converting the motion into one for summary judgment. An exception to this general rule may be made where there is a

"document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (citations omitted); *see also Lum v. Bank of America*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004); *Perlmutter v. Russell Hobbs, Inc.*, 450 F. App'x 161, 163 n. 1 (3d Cir. 2011). Moreover, a plaintiff cannot prevent the court from considering the text of documents expressly relied upon in the complaint where plaintiff failed to attach them. *In re Burlington Coat Factory Sec. Litig.*, *supra*.

Here, Plaintiff expressly refers to Judge Toto's December 17, 2012 decision dismissing the indictment against him. Accordingly, this Court may properly consider Judge Toto's decision in deciding this motion.

### III. DISCUSSION

## A. Claims Against Middlesex County

The MCPO Defendants first contend that the Complaint must be dismissed against Middlesex County because a county cannot be held vicariously liable for the actions of prosecutorial defendants when the county prosecutors were acting as agents of the State. *See Hyatt v. County of Passaic*, Civil No. 04-1545 (DMC), 2008 WL 839556, * 11 (D.N.J. Mar. 27, 2008), *aff'd*, 340 F. App'x 833 (3d Cir. 2009). *See also Wright v. State*, 169 N.J. 422, 452-53 (2001) (the county prosecutor "remains at all times

subject to the supervision and suppression power of the Attorney General" when performing its prosecutorial function and is not autonomous from the State for vicarious-liability purposes).

In this case, Plaintiff has not asserted any allegations against Middlesex County independent from the claims alleged against the MCPO and assistant prosecutors in connection with the criminal prosecution against Plaintiff. Consequently, this Court finds that Middlesex County cannot be held vicariously liable for the actions of assistant prosecutors, and the Complaint will be dismissed in its entirety with prejudice with respect to Middlesex County.

B. Prosecutorial Immunity

It is well settled that "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430-31, including use of false testimony and the decision to withhold exculpatory evidence while functioning as an advocate for the state. *See Moore v. Middlesex County Prosecutor's Office*, 503

F. App'x. 108, 109 (3d Cir. 2012).[2] Since *Imbler*, the Supreme
Court has held that "absolute immunity applies when a prosecutor
prepares to initiate a judicial proceeding, or appears in court
to present evidence in support of a search warrant application."
*Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations
omitted). *See also B.S. v. Somerset County*, 704 F.3d 250, 269
(3d Cir. 2013). Prosecutorial immunity also extends to
decisions to seek an indictment and preparing for the grand
jury. *See Ray v. New Jersey*, 219 F. App'x. 121, 125 (3d Cir.
2007).

In this case, Plaintiff alleges that the MCPO Defendants
failed to present exculpatory evidence to the grand jury,
instructed grand jury witnesses to testify in accordance with
Judge Toto's December 17, 2012 decision, and re-filed an
indictment against Plaintiff after the first indictment was
dismissed without prejudice. There is nothing in these
allegations to suggest that any of the MCPO Defendants were

---

[2] This Third Circuit case, *Moore v. Middlesex County Prosecutor's
Office*, 503 F. App'x. 108 (3d Cir. 2012), was an appeal from
this Court's dismissal of a related lawsuit filed by Plaintiff
against the MCPO and Assistant Prosecutor Kuberiet for
prosecutorial actions taken in connection with Plaintiff's 2009
indictment stemming from Plaintiff's 2009 arrest, which is
partly at issue in the present case. See *Moore v. Middlesex
County Prosecutor's Office, et al.*, Civil No. 11-3879 (JLL).
Plaintiff's claims against the MCPO Defendants in the instant
action mostly pertain to the second or "re-filed" indictment in
December 2012, which is based on the initial 2009 drug charges.

acting outside the scope of their prosecutorial duties in pursuing a criminal prosecution against Plaintiff. Thus, the MCPO Defendants are absolutely immune from a claim of malicious prosecution as alleged by Plaintiff because the alleged acts by these Defendants plainly were taken in exercise of their core functions as prosecutors. *See Rehberg v. Paulk*, --- U.S. ----, ----, 132 S.Ct. 1497, 1504, 182 L.Ed.2d 593 (2012); *Imbler*, 424 U.S. at 430-31. Therefore, the MCPO Defendants are entitled to prosecutorial immunity, and the Complaint will be dismissed in its entirety with respect to Assistant Prosecutor Christopher L.C. Kuberiet and Assistant Prosecutor Marcia Silva.[3]

## C. Double Jeopardy Claim

As noted above, Plaintiff essentially alleges claims of malicious prosecution and violation of double jeopardy with regard to the MCPO Defendants' re-indictment of Plaintiff after the first indictment was dismissed without prejudice by Judge Toto on December 17, 2012. Defendants now argue that Plaintiff's claim against the MCPO Defendants based on double jeopardy must be dismissed.

---

[3] Because the Court has determined that the MCPO Defendants are entitled to absolute prosecutorial immunity based on their conduct being purely prosecutorial functions during a criminal prosecution, the Court need not discuss the other privileges and related state law claims raised by Defendants in their motion to dismiss.

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause was designed to protect a person from being subjected to a trial and possible conviction more than once for an alleged offense. *United States v. Figueroa*, 683 F.3d 69, 74 (3d Cir. 2012). Thus, if a mistrial is properly declared it does not prevent re-prosecution. *Id.; United States v. Rivera*, 384 F.3d 49, 54 (3d Cir. 2004).

The Supreme Court has long held that double jeopardy does not attach until a defendant has been "put to trial before the trier of facts." *Serfass v. United States*, 420 U.S. 377, 388 (1975). For instance, jeopardy has not yet attached when a trial court grants a defendant's motion to dismiss the indictment. *Id.* at 389. In the present case, Plaintiff has not alleged that a jury was empaneled or that the trial court heard evidence in connection to his 2009 indictment before the trial court granted Plaintiff's motion to dismiss the indictment. Moreover, the indictment was dismissed without prejudice to the State re-filing charges. Thus, double jeopardy did not attach, and Plaintiff has failed to state a cognizable claim for recovery of damages based on an alleged double jeopardy

violation. Plaintiff's double jeopardy claim will be dismissed with prejudice accordingly.

## D. Statute of Limitations

The MCPO Defendants also contend that any claims alleged by Plaintiff that accrued before January 2, 2011, are time-barred and should be dismissed with prejudice.

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). A § 1983 complaint is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)); *see also Wallace*, *supra*; *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Dique*, 603 F.3d at 185; *see also* N.J. Stat. Ann. § 2A:14-2. Accordingly, Plaintiff's § 1983 claims against the MCPO Defendants are subject to this two-year period.

Similarly, Plaintiff's state law claims under the New Jersey Civil Rights Act ("NJCRA") are also subject to a two-year

statute of limitations. *Hawkins v. Feder*, A-4004-10T2, 2012 WL 5512460, *4-5 (N.J. Super. A.D. Nov. 15, 2012).

Here, Plaintiff filed his Complaint on January 2, 2013. Thus, any claim asserted in his Complaint that accrued prior to January 2, 2011, would be time-barred. For instance, in his Complaint, Plaintiff alleges false imprisonment and excessive bail claims in May 2009, in violation of his Eighth and Fourteenth Amendment rights. (Dkt. # 1-1 at ¶¶ 1, 3, Factual Background, ¶¶ 1.) These § 1983 claims are subject to the two-year limitation period. The Supreme Court has held that the statute of limitations for a claim of false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Thus, in this case, the statute of limitations commenced in May 2009, when Plaintiff alleges that he was subject to false imprisonment and excessive bail. Plaintiff filed his § 1983 action in state court on January 2, 2013, well beyond the expiration of the limitations period.

Likewise, any excessive bail claim would have accrued at that time, and is now beyond the expiration of the limitations period. *See Wallace*, 549 U.S. at 391. Additionally, any related state law claims asserted against the MCPO Defendants are similarly time-barred. *See Hawkins*, 2012 WL 5512460 at *4-

5.   Therefore, the MCPO Defendants are entitled to summary
dismissal of these claims against them.

E.   Malicious Prosecution Claim

Plaintiff mainly asserts a claim of malicious prosecution
against the MCPO Defendants regarding the re-filing of charges
against Plaintiff on December 20, 2012, after Judge Toto
dismissed the first indictment on December 17, 2012.

To establish a § 1983 claim for malicious prosecution,
Plaintiff must satisfy each of the following five elements: "(1)
the defendants initiated a criminal proceeding; (2) the criminal
proceeding ended in plaintiff's favor; (3) the proceeding was
initiated without probable cause; (4) the defendants acted
maliciously or for a purpose other than bringing the plaintiff
to justice; and (5) the plaintiff suffered deprivation of
liberty consistent with the concept of seizure as a consequence
of a legal proceeding." *Minatee v. Philadelphia Police Dept.*,
502 F. App'x 225, 227 (3d Cir. 2012) (quoting *Kossler v.
Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal
quotation marks and citations omitted)).

Here, the Complaint fails to allege that the December 2012
re-indictment of Plaintiff terminated in his favor, and
therefore, Plaintiff cannot establish all of the requisite
elements to prove a malicious prosecution claim under § 1983.

Indeed, at the time Plaintiff filed this Complaint, the criminal proceedings on Plaintiff's re-indictment were still pending. Further, according to the MCPO Defendants, Plaintiff pled guilty to criminal charges that are the subject of this lawsuit on May 24, 2013. (Dkt. # 12.) Therefore, Plaintiff cannot show that the criminal proceedings terminated in his favor, and the malicious prosecution claim must be dismissed with prejudice for failure to state a claim.

To the extent that Plaintiff is alleging that the MCPO Defendants maliciously prosecuted him prior to the December 17, 2012 dismissal of the first indictment, the claim also fails as a matter of law. Plaintiff relies on the December 17, 2012 written decision of Judge Toto dismissing the first indictment. However, Judge Toto dismissed the indictment *without* prejudice to the re-filing of charges. (Dkt. # 6-4, Exhibit C at 5.) Moreover, Judge Toto expressly stated that the dismissal of the indictment was not based on any of the following grounds: "vindictive prosecution, selective prosecution, malicious prosecution, or violation of Defendant's Constitutional rights under the 5th, 8th, or 14th Amendments." (*Id.*)

Finally, this Court observes that there was no finding that Plaintiff's arrest lacked probable cause. Rather, Judge Toto's decision was based solely on the State's failure to establish

17

the first element of Possession of a Controlled Dangerous Substance charge, namely, that the white powdery substance discovered on the twenty dollar bill was cocaine. Judge Toto commented that no laboratory report was presented to the grand jury to confirm that the powdery substance was indeed cocaine, and that the prosecution instead relied solely on the testimony of Officer Reyes in the presentment of the charges to the grand jury. (*Id.* at 4-5.)

Therefore, based on these state court findings concerning the first indictment, Plaintiff cannot establish the third and fourth elements of a malicious prosecution claim, (*i.e.*, "(3) the proceeding was initiated without probable cause; [and] (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice," *see Minatee*, 502 F. App'x at 227). Accordingly, Plaintiff's claim for malicious prosecution must be dismissed with prejudice.

F.   Fourteenth Amendment Claims

Plaintiff generally asserts violations of his Fourteenth Amendment rights, but fails to allege any facts to support a Fourteenth Amendment violation under either a substantive due process theory or an equal protection theory. The MCPO Defendants argue that, even construing the limited allegations

in the most indulgent manner, the Complaint fails to state a
claim under the Fourteenth Amendment.

    1.   *Substantive Due Process Claim.*

    Substantive due process is a doctrine reserved for the most
egregious governmental abuses of fundamental civil liberties.
*Armbruster v. Cavanaugh*, 410 F. App'x 564, 567 (3d Cir. 2011).
To state a substantive due process claim under the Fourteenth
Amendment, a plaintiff must allege the following that: 1) an
actor engaged in conduct under color of state law; 2) he
suffered a deprivation of a protected liberty interest by that
conduct; and 3) the deprivation "shocks" the conscience.
*Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

    In this case, Plaintiff fails to allege any facts to show
conscience-shocking behavior by the MCPO Defendants.
Consequently, he cannot establish a substantive due process
violation and this claim must be dismissed.

    2.   *Equal Protection Claim.*

    The Equal Protection Clause prohibits the "selective
enforcement" of a law based on an unjustifiable standard.  *See*
*PG Pub. Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013); *Thomas*
*v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006); *see also*
*United States v. Batchelder*, 442 U.S. 114, 125 n. 9 (1979).  To
prove a selective-enforcement claim, Plaintiff must show: "(1)

that he was treated differently from other similarly situated individuals, and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'" *Dique*, 603 F.3d at 184 n. 5 (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)).

Again, in this case, Plaintiff fails to allege any facts to show that he was discriminated against on the basis of race, religion, or any other reason, or that he was treated differently than other similarly situated persons. Moreover, in Judge Toto's December 17, 2012 decision dismissing Plaintiff's first indictment, Judge Toto explicitly stated that the dismissal of the indictment was not based on any claim of selective prosecution. (Dkt. # 6-4, Ex. C at 5.) Therefore, the Court will dismiss any purported equal protection claim because Plaintiff has failed to state a cognizable claim for relief under § 1983.

## G. False Imprisonment and Excessive Bail Claims

Finally, to the extent that Plaintiff is asserting claims of false imprisonment and excessive bail that are not time-barred, *i.e.*, occurring or continuing after January 2, 2011, he alleges no facts to support such claims.

1.  *False Imprisonment Claim.*

Under both federal and New Jersey law, to state a claim for false imprisonment, a plaintiff must demonstrate that: (1) he was detained; and (2) the detention was unlawful.  *See Wallace*, 549 U.S. at 389; *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009).  *See also Tringali v. Tp. Of Manalapan*, No. 12-4597 (JAP), 2013 WL 1701764, *2 (D.N.J. Apr. 18, 2013). Generally, the existence of probable cause defeats a claim for false imprisonment.  *See Tringali*, 2013 WL 1701764 at *2 (citing *Herman v. City of Millville*, 66 F. App'x 363, 365 (3d Cir. 2003) (holding that probable cause is a "complete defense" to claims of false arrest, false imprisonment and malicious prosecution) and *Wildoner v. Bor. of Ramsey*, 162 N.J. 375, 389, (2000) (explaining that probable cause is an absolute defense to claim for false imprisonment)).

In this case, Plaintiff alleges no facts to support a claim of false imprisonment by the MCPO Defendants after the December 20, 2012 re-indictment.  It appears that Plaintiff alleges that the MCPO Defendants had him falsely imprisoned on May 21, 2009, and that he was falsely imprisoned until December 17, 2012, but Plaintiff does not allege facts regarding the actual dates of his purported imprisonment or by whom he was imprisoned. Moreover, Plaintiff does not allege that he was imprisoned

without probable cause, a requisite element of a false imprisonment claim. As discussed above, Judge Toto made no finding that Plaintiff's arrest lacked probable cause, when he dismissed the first indictment without prejudice. Therefore, because Plaintiff has failed to allege any facts to show a lack of probable cause or other factors to support his bald claim of false imprisonment by the MCPO Defendants, Plaintiff's false imprisonment claim will be dismissed.

2. *Excessive Bail Claim.*

The MCPO Defendants lastly assert that Plaintiff's excessive bail claim must be dismissed because Plaintiff fails to allege any facts to support such a claim. To state an excessive bail claim under § 1983, Plaintiff must allege facts showing that his bail was excessive in violation of the Eighth Amendment. *McKnight v. Taylor*, No. 12-1684 (RMB), 2012 WL 5880331, *7 (D.N.J. Nov. 20, 2012). Here, Plaintiff does not allege any facts to show that his bail was excessive; indeed, he does not even indicate the amount of his bail. Plaintiff also does not allege any facts to show that the MCPO Defendants proximately caused his bail to be set too high. Therefore, this excessive bail claim must be dismissed for failure to state a claim. *Id.*

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the MCPO Defendants' motion to dismiss, and Complaint will be dismissed with prejudice, in its entirety, with respect to Middlesex County and the MCPO Defendants. An appropriate order follows.

JOSE L. LINARES
United States District Judge

Dated: 9/20/13