NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY T. MOORE, | : |
| | : Civil Action No. 13-943 (JLL) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| CARTERET POLICE DEPARTMENT, | : |
| et al., | : |
| | : |
| Defendants. | : |

**LINARES**, District Judge

This matter comes before the Court on the motion of Defendants Borough of Carteret, Carteret Police Department, Ptl. Marcus Rosario, Ptl. Kazio, Ptl. Esposito, Sgt. Hart, and Sgt. Muzyka (hereinafter the "Carteret Defendants"), for summary judgment dismissing the Complaint with prejudice in this matter. (ECF No. 24.) Defendants Louis Reyes and Michael Dammann join in the Carteret Defendants' motion.[1] (ECF Nos. 25, 26.) This motion is being considered on the papers, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant the motion and dismiss the Complaint with prejudice.

I. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, under Docket No. MID-L-39-13, on or about January 2, 2013, against the

---

[1] For sake of ease and clarity, because Defendants Reyes and Dammann, who were employed by the Carteret Police Department during the incidents at issue in this action, have joined with the Carteret Defendants in their motion for summary judgment, this Court's reference to the "Carteret Defendants" shall include both Defendants Reyes and Dammann.

named Carteret Defendants, and Middlesex County, Middlesex County Prosecutor's Office ("MCPO"), Assistant Prosecutor Christopher L.C. Kuberiet, and Assistant Prosecutor Marcia Silva ("MCPO Defendants"). On February 15, 2013, the Carteret Defendants removed the state action to this District Court, upon the consent of all named Defendants, pursuant to 28 U.S.C. §§ 1441(b), 1446, asserting that this Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims, which are grounded on violations of federal law under 42 U.S.C. § 1983. Plaintiff did not seek to remand the matter back to state court.[2]

In his original Complaint, Plaintiff alleges that, on May 21, 2009, Defendants Ptl. Louis Reyes, Ptl. Rosario, Ptl. Kazio, Ptl. Esposito, Sgt. Hart and Sgt. Muzyka of the Carteret Police Department, "falsely imprisoned Plaintiff alleging he (Plaintiff) possessed what was allegedly known to be cocaine [and a straw], [and] failed to prove Plaintiff committed any crime," in violation of his rights under the Eighth and Fourteenth Amendments. (ECF No. 1-1, Complaint at ¶¶ 1, 3.) On July 23, 2009, Defendant Detective Lieutenant Michael Damman allegedly reported that he took all evidence seized from Plaintiff at his arrest to a lab company, but the lab report purportedly does not show evidence of a straw or twenty dollar bill taken from Plaintiff.

---

[2] This Court notes that Plaintiff has filed numerous actions in the District of New Jersey, against many of the same defendants as named in this action, and listed as follows: *Moore v. Middlesex County Prosecutor's Office, et al.*, Civil No. 11-6198 (JLL) (consolidated with associated case, Civil No. 11-281 (JLL)); *Moore v. Middlesex County Prosecutor's Office, et al.*, Civil No. 11-3879 (JLL) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)); *Moore v. Dow, et al.*, Civil No. 11-281 (JLL) (pending); *Franklin, et al. v. Borough of Carteret, et al.*, Civil No. 10-1467 (JLL) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)); *Moore v. Carteret Police Department, et al.*, Civil No. 04-3313 (SRC) (summary judgment granted defendants on May 3, 2007); *Moore v. Novak, et al.*, Civil No. 04-1250 (WHW) (stipulation of dismissal filed on June 25, 2008); and *Moore v. Comba, et al.*, Civil No. 03-2521 (WHW) (dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(b)(1)).

Plaintiff thus alleges that Defendant Damman "tampered with physical evidence." (*Id.*, Factual Background at ¶ 5.)

Plaintiff further alleges that, in September 2009, Defendant Reyes testified at a grand jury hearing that Plaintiff possessed a controlled dangerous substance and drug paraphernalia. (*Id.*, Factual Background at ¶ 2.) Also, according to Plaintiff, on September 17, 2009, Defendant Assistant Prosecutor Silva "failed to present exculpatorial, discoverable evidence to the grand jury" that was in the possession of MCPO Defendants. (*Id.*, Factual Background at ¶ 4.)

The Complaint also alleges that, from February 2010 to December 17, 2012, the MCPO Defendants "maliciously prosecuted" Plaintiff until December 17, 2012, when the charges against Plaintiff terminated in his favor upon the written decision of the Honorable Michael A. Toto, J.S.C., in which Judge Toto dismissed the indictment. (*Id.*, Factual Background at ¶ 3.) In particular, Plaintiff alleges that, on December 20, 2012, Defendant Kuberiet convened a second grand jury and conspired with Reyes to testify in conformity with Judge Toto's December 17, 2012 opinion. According to Plaintiff, Kuberiet instructed Reyes to "tell members of said grand jury everything the Superior Court Judge (Toto) stated in his opinion dated December 17, 2012 [sic] wasn't done September 17, 2009." (*Id.*, Factual Background at ¶6.) (parentheses and emphasis in original).

Plaintiff's Complaint further alleges that the MCPO Defendants knew that the former indictment (# 09-09-1644) had been dismissed, but they conspired to violate Plaintiff's constitutional rights by bringing a superseding indictment under the same statute, N.J.S.A. 2C:35-10(a)(1), as the one dismissed, to a second grand jury. Plaintiff asserts that the Defendants' re-filing of criminal charges against him violated his "constitutional rights under false imprisonment, and double jeopardy clause." (*Id.*, Factual Background at ¶¶ 6, 7.)

The Complaint also charges that Kuberiet "filed false reports in connection with his actions instituted on <u>December 20, 2012</u>." (*Id.*, Factual Background at ¶ 7, emphasis in original.) Plaintiff further alleges that a Carteret police officer conspired with Kuberiet to violate Plaintiff's rights under N.J.S.A. 10:6-1. (*Id.*, Factual Background at ¶ 6.) Plaintiff finally alleges that all Defendants violated his constitutional rights before dismissal of the indictment on December 17, 2012. (*Id.*, Factual Background, last unnumbered paragraph.)

The Complaint asserts claims of false imprisonment and excessive bail against all named Defendants. In addition, the Complaint asserts claims of malicious prosecution and violation of the double jeopardy clause against the MCPO Defendants, more particularly, Defendant Kuberiet. Plaintiff generally cites a violation of his Eighth and Fourteenth Amendment rights. He seeks punitive and compensatory damages.

On March 11, 2013, the MCPO Defendants filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 6.) Plaintiff filed a response to the motion on or about March 18, 2013. (ECF No. 9.) On May 31, 2013, counsel for the MCPO Defendants wrote to the Court to inform that, on May 24, 2013, Plaintiff had plead guilty to criminal charges that are the subject of this litigation. (ECF No. 12.) This Court granted the MCPO Defendants' motion to dismiss on September 20, 2013, and the Complaint was dismissed with prejudice as to the MCPO Defendants accordingly. (ECF Nos. 13, 14.)

Thereafter, on June 25, 2014, the Carteret Defendants filed a motion for summary judgment. (ECF No. 24.) On June 26, 2014, Defendants Louis Reyes and Michael Dammann joined in the summary judgment motion filed by the Carteret Defendants, relying on the Brief and Exhibits submitted by the Carteret Defendants. (ECF Nos. 25 and 26, respectively.) Plaintiff filed an opposition on July 14, 2014. In his opposition, Plaintiff argues, among other

things, that he is entitled to discovery before summary judgment can be granted. Principally, it seems that Plaintiff is seeking a copy of the July 2009 lab report. Plaintiff also argues that all of his claims accrued on December 17, 2012, when the first indictment was dismissed. (ECF No. 27.)

## II. STATEMENT OF FACTS

The Carteret Defendants rely on the following statement of undisputed facts, submitted pursuant to Local Civil Rule 56.1. On May 21, 2009, Defendants Hart, Muzyka, Rosario, Kazio, Esposito and Reyes of the Carteret Police Department were patrolling the area of 100 Roosevelt Avenue known as Roosevelt Village in Carteret, New Jersey. The officers observed Plaintiff and another individual, Demond Bullock, sitting in a vehicle parked in Roosevelt Village. Both Plaintiff and Bullock were known to have outstanding warrants, and a warrant check confirmed the existence of outstanding warrants for them. Plaintiff was then arrested on the outstanding warrants, as documented by the Arrest Report prepared by Defendant Reyes, dated May 21, 2009. (ECF No. 24-3, Carteret Defendants' Brief at 3, ¶¶ 1-4.)

A search incident to Plaintiff's arrest was conducted and it was discovered that Plaintiff possessed one clear plastic "Ziploc" style bag containing green vegetation believed to be marijuana and a twenty dollar bill with a powdery white substance assumed to be cocaine. Accordingly, Plaintiff was charged with possession of cocaine and marijuana. (*Id.* at 3 and 4, ¶¶ 5, 6, Exhibits B, C.)

In the Investigation Report prepared by Defendant Rosario on May 21, 2009, Rosario reports that the Honorable Allen P. Comba, J.S.C., authorized the issuance of a warrant-complaint charging Plaintiff with possession of cocaine and a summons-complaint charging

5

Plaintiff with possession of marijuana. Judge Comba released Plaintiff on his own recognizance that same day. (*Id.* at ¶¶ 7, 8; Exs. B, C.)

At the time of his arrest, the Carteret officers had confirmed that Plaintiff had numerous active warrants for outstanding fines and court costs of $5,691.50. (*Id.* at ¶ 9, Exs. B, C, and F through N.) Accordingly, Plaintiff was arrested and taken to the Middlesex County Corrections Center pursuant to the outstanding warrants. (*Id.*, ¶ 10, EXs B, C.)

Thereafter, a Middlesex Grand Jury indicted Plaintiff on one charge of third degree possession of cocaine, in violation of N.J.S.A. 2C:35-10(a)(1). (*Id.* at ¶ 11.) However, on December 17, 2012, the Honorable Michael A. Toto, J.S.C., dismissed the Indictment because the State had failed to establish a *prima facie* case. Namely, Judge Toto found that the State had not presented sufficient evidence to the grand jury to support the charge that the white powdery substance on the twenty dollar bill was cocaine. The State relied solely on the testimony of Officer Reyes that the powdery substance was "known" to be cocaine, but Reyes failed to testify that he had witnessed Plaintiff engaging in illegal drug activity before his arrest or that Reyes knew Plaintiff had been involved in illegal drug activity in the past. Moreover, no laboratory report had been presented to the Grand Jury confirming that the powdery substance was cocaine, and Judge Toto noted that a laboratory report was only recently presented to the court. Accordingly, Judge Toto dismissed the indictment without prejudice. Nevertheless, Judge Toto denied Plaintiff's motion to dismiss the indictment on other grounds raised, including vindictive prosecution, selective prosecution, malicious prosecution, or violation of Plaintiff's constitutional rights under the Fifth, Eighth and Fourteenth Amendments. (*Id.*, ¶ 13, Ex. O – Judge Toto's Dec. 17, 2012 Mem. Decision at 5.)

The State then re-presented the May 21, 2009 charge of possession of cocaine to a Middlesex Grand Jury, relying on the laboratory report that confirmed the white powdery substance recovered from Plaintiff on May 21, 2009 was in fact cocaine. The Grand Jury again indicted Plaintiff on one charge of third degree possession of cocaine, in violation of N.J.S.A. 2C:35-10(a)(1). (*Id.* at ¶ 14.)

On or about January 2, 2013, Plaintiff filed this civil rights complaint alleging that the Carteret Defendants falsely arrested him on May 21, 2009, that Defendant Damman tampered with physical evidence resulting in Plaintiff's false imprisonment, that Defendant Reyes testified falsely before the Grand Jury on September 17, 2009, subjecting Plaintiff to malicious prosecution, and that the superseding indictment constituted double jeopardy. (ECF No. 1, Complaint at ¶¶ 1-6.)

On May 24, 2013, Plaintiff pled guilty to the charge of possession of cocaine on May 21, 2009, as well as other criminal charges unrelated to this case. (ECF No. 24-3, Carteret Defendants' Brief at 7, ¶ 21, Ex. R – May 24, 2013 Plea Form and Ex. S – May 24, 2013 Plea Transcript.) During his plea, Plaintiff admitted that he possessed cocaine, which he knew to be illegal, and he also admitted that he possessed marijuana and drug paraphernalia on May 21, 2009. (*Id.*, ¶¶ 22, 23; Ex. S – Plea Transcript at 4:3-9; 4:19-23.) Plaintiff further admitted that there were outstanding warrants for his arrest on May 21, 2009. More significantly, Plaintiff admitted that cocaine was discovered during the search incident to his arrest on May 21, 2009. (*Id.*, ¶¶ 24, 25; Ex. S – T5:12-25.)

On October 31, 2013, the Honorable Bradley J. Ferencz, J.S.C. sentenced Plaintiff to three years in prison pursuant to Plaintiff's May 24, 2013 plea on the possession of cocaine charge, but Plaintiff received credit for time served. Plaintiff then sought a modification of his

sentence, and on November 15, 2013, Judge Ferencz modified Plaintiff's sentence to a five-year probation term with Plaintiff required to attend and successfully complete a drug rehabilitation program. (*Id.*, ¶¶ 26-29, Ex. T – Oct. 31, 2013 Sentencing Transcript at 22:10-23:9; 15:10-18; and Ex. U – Nov. 15, 2013 Transcript at 7:1-8:24.) Plaintiff was directed to report to the Middlesex County Probation Department on November 18, 2013, immediately before his admission to a drug rehabilitation program that same day. (*Id.* at ¶ 30, Ex. U at 11:16-12:19.)

Plaintiff failed to be admitted to a drug rehabilitation program and a warrant was issued for violation of the terms of his probation, and Plaintiff was arrested on April 9, 2014. On June 12, 2014, Judge Ferencz sentenced Plaintiff to a 17-year prison term with 8 years of parole ineligibility. (*Id.*, ¶ 31, Ex. V – June 12, 2014 Transcript at 25:5-7; 28:19-29:5; 27:7-28:12; 29:14-30:2.)

## III. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242–43 ("At the summary judgment stage, the trial judge's function is not himself to

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). *See also Prince v. Aiellos*, Civil No. 09-5429 (JLL), 2013 WL 6865619, *2 (D.N.J. Dec. 20, 2013), *aff'd*, --- F. App'x ----, 2014 WL 6765822 (3d Cir. Dec. 2, 2014).

## IV. DISCUSSION

### A. Plaintiff's False Arrest and Imprisonment Claims Are Barred by the Statute of Limitations

The Carteret Defendants first argue that all of Plaintiff's claims arise from alleged violations occurring on May 21, 2009 (the search and arrest), July 23, 2009 (the tampering of the lab report), and September 17, 2009 (Reyes' false testimony before the Grand Jury), and are thus time-barred because Plaintiff did not file his Complaint until January 2, 2013, beyond the two year statute of limitations. Plaintiff argues, however, that the statute of limitations did not begin to run until December 17, 2012, the date the first indictment was dismissed.

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). A § 1983 complaint is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)); *see also Wallace, supra*; *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Dique*, 603 F.3d at 185; *see also* N.J. Stat. Ann. § 2A:14–2. Accordingly, Plaintiff's § 1983 claims against the Carteret Defendants are subject to this two-year period.

Similarly, Plaintiff's state law claims asserted pursuant to the New Jersey Civil Rights Act ("NJCRA") are also subject to a two-year statute of limitations. *Hawkins v. Feder*, A-4004-10T2, 2012 WL 5512460, *4-5 (N.J. Super. A.D. Nov. 15, 2012).

Here, as noted above, Plaintiff filed his Complaint on January 2, 2013. Thus, any claim asserted in his Complaint that accrued prior to January 2, 2011, would be time-barred. For instance, in his Complaint, Plaintiff alleges false arrest, false imprisonment, and excessive bail claims in May 2009, in violation of his Eighth and Fourteenth Amendment rights. (ECF No. 1-1, Compl. at ¶¶ 1, 3, Factual Background, ¶¶ 1.) These § 1983 claims are subject to the two-year limitation period. The Supreme Court has held that the statute of limitations for a claim of false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Thus, in this case, the statute of limitations commenced on May 21, 2009, when Plaintiff alleges that he was subject to false imprisonment and excessive bail. Specifically, May 21, 2009 was the date that Plaintiff was arrested and incarcerated on outstanding warrants. The record also shows that Plaintiff was released on his own recognizance on May 21, 2009. (ECF No. 24-6, Carteret Defendants' Ex. B.) Plaintiff filed his § 1983 action in state court on January 2, 2013, well beyond the expiration of the limitations period.

Likewise, any excessive bail claim would have accrued at that time, and is now beyond the expiration of the limitations period. *See Wallace*, 549 U.S. at 391. Moreover, any related state law claims asserted against the Carteret Defendants are similarly time-barred. *See Hawkins*, 2012 WL 5512460 at *4-5. More significantly, however, any claim of excessive bail must fail because Plaintiff was released on his own recognizance. Therefore, the Carteret Defendants are entitled to summary dismissal of these claims against them.

10

Nevertheless, Plaintiff's claim against Defendant Dammann for tampering with evidence on July 23, 2009, and Plaintiff's claim against Defendant Reyes alleging false testimony before the Grand Jury on September 17, 2009, are part of Plaintiff's overall allegations of malicious prosecution. The Carteret Defendants concede that Plaintiff's claim of malicious prosecution did not begin to run until December 17, 2012, when the first indictment was dismissed without prejudice. (ECF No. 29, Carteret Defendants' Letter Reply Brief at 3.) Therefore, these claims are not subject to summary dismissal as time-barred.

B. False Testimony During Grand Jury

As noted above, Plaintiff's sues Defendant Reyes for allegedly testifying falsely before the Grand Jury on September 17, 2009. The Court presumes that Plaintiff is also alleging that Reyes testified falsely before the Grand Jury on the superseding indictment after the first indictment was dismissed on December 17, 2012. This claim fails, however, because a witness is absolutely immune from suit for testifying falsely. *See Rehberg v. Paulk*, --- U.S. ----, 132 S.Ct. 1497, 1506, 182 L.Ed.2d 593 (2012) (witness before grand jury, like trial witness, enjoys absolute immunity); *Briscoe v. LaHue*, 460 U.S. 325, 330–346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); *Peteete v. Asbury Park Police Dept.*, 477 F. App'x 887, 889-90 (3d Cir. 2012) (holding that a grand jury witness cannot be held liable for perjured testimony); *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 and n. 16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony).

As the Carteret Defendants aptly argue, Defendant Reyes' testimony before the Grand Jury concerning the circumstances leading to Plaintiff's arrest and later criminal charges is similar to the situation in *Peteete*, where the Third Circuit affirmed the district court's

determination that the lead investigator who allegedly testified falsely before a grand jury regarding the circumstances of Peteete's arrest was absolutely immune from liability. *See Peteete*, 477 F. App'x at 888-89. Therefore, the Court grants summary judgment in favor of the Carteret Defendants with respect to this claim, and Plaintiff's claim against Defendant Reyes alleging false testimony before the Grand Jury on September 17, 2009 is dismissed with prejudice accordingly.

C. <u>Malicious Prosecution</u>

Next, Plaintiff asserts a claim of malicious prosecution against the Carteret Defendants based on allegations that Defendant Reyes testified falsely against Plaintiff before the Grand Jury on September 17, 2009, and that Defendant Dammann tampered with evidence on July 23, 2009.[3] It also appears, as noted above, that Plaintiff is alleging that Reyes testified falsely before the Grand Jury on the second or superseding indictment.

To establish a § 1983 claim for malicious prosecution, Plaintiff must satisfy each of the following five elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Minatee v. Philadelphia Police Dept.*, 502 F. App'x 225, 227 (3d Cir. 2012) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks and citations omitted)).

---

[3] The Complaint appears to allege that the July 2009 lab report does not show evidence of straw and the twenty dollar bill taken from Plaintiff on May 21, 2009, and thus, Plaintiff seems to suggest that Defendant Dammann tampered with the evidence. (ECF No. 1-1, Compl. at Factual Background, ¶ 5.)

Here, the Complaint fails to allege that the December 2012 re-indictment of Plaintiff terminated in his favor, and therefore, Plaintiff cannot establish all of the requisite elements needed to prove a malicious prosecution claim under § 1983. Indeed, at the time Plaintiff filed this Complaint, the criminal proceedings on Plaintiff's re-indictment were still pending, and thus Plaintiff could not demonstrate that his criminal proceeding had concluded in his favor. More importantly, however, Carteret Defendants have shown that Plaintiff pled guilty to possession of cocaine charges on May 24, 2013, and Plaintiff's allocution at his plea hearing confirmed that he possessed cocaine on May 21, 2009, which he knew to be illegal. Plaintiff also admitted at his plea hearing that the cocaine was found on his person, specifically in his pocket, pursuant to a search incident to his arrest on May 21, 2009. (ECF No. 24-23, Carteret Defendants' Ex. S - May 24, 2013 Plea Transcript at 4:3-16; 5; 12-25.) Therefore, because Plaintiff pled guilty to the charge that he possessed cocaine on May 21, 2009, Plaintiff simply cannot establish that the criminal proceedings terminated in his favor, and the malicious prosecution claim must be dismissed with prejudice for failure to state a claim.

Plaintiff continues to assert that Judge Toto's dismissal of the first indictment on December 17, 2012 constitutes the termination of his criminal proceedings in his favor. His argument lacks merit. Judge Toto dismissed the first indictment *without* prejudice to the re-filing of charges. Moreover, Judge Toto expressly stated that the dismissal of the indictment was not based on any of the following grounds: "vindictive prosecution, selective prosecution, malicious prosecution, or violation of Defendant's Constitutional rights under the 5th, 8th, or 14th Amendments." (ECF No. 24-19, Ex. O – Dec. 17, 2012 Mem. Decision at 5.) Therefore, Plaintiff cannot establish that the dismissal of the first indictment *without* prejudice constitutes the a favorable termination of criminal proceedings against him.

13

Further, Plaintiff cannot establish the requisite element of a malicious prosecution claim that Plaintiff's arrest and resulting criminal proceedings lacked probable cause. Judge Toto's decision was based solely on the State's failure to establish the first element of Possession of a Controlled Dangerous Substance charge, namely, that the white powdery substance discovered on the twenty dollar bill was cocaine. Judge Toto commented that no laboratory report was presented to the Grand Jury to confirm that the powdery substance was indeed cocaine, and that the prosecution instead relied solely on the testimony of Officer Reyes in the presentment of the charges to the grand jury. (*Id.* at 4-5.) Indeed, based on these state court findings concerning the first indictment, Plaintiff also cannot establish the fourth element of a malicious prosecution claim, *i.e.*, that "the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *See Minatee*, 502 F. App'x at 227).

Therefore, because Plaintiff cannot prove three essential elements of a malicious prosecution claim, that the criminal proceeding ended in his favor, that the criminal proceeding was initiated without probable cause, and that the Carteret Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice, Plaintiff's claims against the Carteret Defendants based on allegations of malicious prosecution must be dismissed with prejudice.

To the extent that Plaintiff asserts that the second or superseding indictment against him on the possession of cocaine charge violates his constitutional right against being subjected to double jeopardy for the same crime, this Court has determined previously that double jeopardy in this matter did not attach after the dismissal of the first indictment without prejudice. In particular, in the September 20, 2013 Opinion granting summary judgment in favor of the MCPO Defendants (ECF No. 13), this Court held:

14

> The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause was designed to protect a person from being subjected to a trial and possible conviction more than once for an alleged offense. *United States v. Figueroa*, 683 F.3d 69, 74 (3d Cir. 2012). Thus, if a mistrial is properly declared it does not prevent re-prosecution. *Id.*; *United States v. Rivera*, 384 F.3d 49, 54 (3d Cir. 2004).
>
> The Supreme Court has long held that double jeopardy does not attach until a defendant has been "put to trial before the trier of facts." *Serfass v. United States*, 420 U.S. 377, 388 (1975). For instance, jeopardy has not yet attached when a trial court grants a defendant's motion to dismiss the indictment. *Id.* at 389. In the present case, Plaintiff has not alleged that a jury was empaneled or that the trial court heard evidence in connection to his 2009 indictment before the trial court granted Plaintiff's motion to dismiss the indictment. Moreover, the indictment was dismissed without prejudice to the State re-filing charges. Thus, double jeopardy did not attach, and Plaintiff has failed to state a cognizable claim for recovery of damages based on an alleged double jeopardy violation. Plaintiff's double jeopardy claim will be dismissed with prejudice accordingly.

(Id., Op. at 13-14.)

Therefore, this Court grants summary judgment on this motion in favor of the Carteret Defendants, and Plaintiff's claims against the Carteret Defendants asserting malicious prosecution and double jeopardy are dismissed with prejudice. Furthermore, because this Court finds that Plaintiff cannot establish malicious prosecution principally because Plaintiff himself pled guilty to the May 21, 2009 possession of cocaine charge, this Court does not need to address the Carteret Defendants' additional argument in favor of summary judgment, namely, the argument based on prematurity under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### D. No Liability Established Against the Borough of Carteret or the Carteret Police Department

Finally, the Carteret Defendants argue that Plaintiff has not alleged or established the municipal liability of the Borough of Carteret, and that the Carteret Police Department cannot be sued independently of the Borough of Carteret, and therefore, these Defendants are entitled to summary judgment. (ECF No. 24-3, Carteret Defendants' Brief at 21-23.)

Case 2:13-cv-00943-JLL-JAD   Document 30   Filed 12/08/14   Page 16 of 17 PageID: 586

The Supreme Court has held that § 1983 does not impose liability on municipal entities for the constitutional misconduct of their employees or agents under the doctrine of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Likewise, a municipal entity is immune from liability for its agent's actions unless the claimed civil rights violation resulted from the agent's execution of that entity's "policy or custom." *Id.* at 694. In this case, Plaintiff has not alleged or produced a single fact from which a reasonable jury may conclude that the Borough of Carteret has a policy or custom of encouraging or condoning false arrests, tampering with evidence misconduct, or malicious prosecutions by police officers. Moreover, this Court has determined that all of Plaintiff's claims against the individual Carteret Defendants, such as Defendants Reyes, Dammann and the other Carteret police officers, lack merit and must be dismissed. Thus, because no claim against the individual Carteret police officers survives, Plaintiff cannot maintain claims against the Borough of Carteret. *See McCann v. Borough of Magnolia*, 581 F. App'x 125 (3d Cir. 2014) (citing *Williams v. West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (stating that "West Chester cannot be vicariously liable ... unless one of West Chester's employees is primarily liable under section 1983 itself"). Therefore, summary judgment will be granted in favor of the Borough of Carteret.

Likewise, the Carteret Police Department is entitled to summary judgment because under N.J.S.A. § 40A:14-118, a municipal police department is not a separate entity from the municipality. *See Woodyard v. County of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013); *see also Jackson v. City of Erie Police Dept.*, 570 F. App'x 112, 114 (3d Cir. 2014) (holding that a municipal police department is not a proper party to a § 1983 action because it is a governmental sub-unit that is not distinct from the municipality of which it is a part).

16

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion for summary judgment. The Clerk's Office is therefore directed to close this matter. An appropriate order follows.

                                                                              _____
                                                                              JOSE L. LINARES
                                                                              United States District Judge

Dated: 12/8/14